

# The Attorney General
## of Texas

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 21, 1951

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1247

Re: Taxation of motor bus companies during July, August and September when the law requiring quarterly payments in advance has been amended to require payments at the close of the quarter at a higher rate.

Dear Mr. Calvert:

We refer to your recent letter from which we quote:

"Section 1 (a) of Article XIV, House Bill No. 8, Chapter 184, Acts of the 47th Legislature codified as Article 7066b of Vernon's Annotated Civil Statutes of Texas, reads as follows:

" 'Each individual, partnership, company, association, or corporation doing business as a "motor bus company" as defined in Chapter 270, Acts Regular Session of the Fortieth Legislature, as amended by the Acts of 1929, First Called Session of the Forty-first Legislature, Chapter 78, or as "motor carrier" or "contract carrier" as defined in Chapter 277, Acts Regular Session of the Forty-second Legislature, over and by use of the public highways of this State, shall make quarterly on the first day of January, April, July, and October of each year, a report to the Comptroller, under oath, of the individual, partnership, company, association, or corporation by its president, treasurer, or secretary, showing the gross amount received from intrastate business done within this State in the payment of charges for transporting persons for compensation and any freight or commodity for hire, or from other sources of revenue received from intrastate business within this State during

the quarter next preceding. Said individual, partnership, company, association, or corporation at the time of making said reports, shall pay to the State Treasurer an occupation tax for the <u>quarter beginning on said date</u> <u>equal to two</u> and two-tenths (2.2) per cent of said gross receipts, as shown by said report. Provided, however, carriers of persons or property who are required to pay an intangible assets tax under the laws of this State, are hereby exempted from the provisions of this Article of this Act.' (Underscoring ours.)

"House Bill 3, of the First Called Session of the 51st Legislature levied an additional 10% tax making the overall rate 2.42% of the gross receipts.

"House Bill No. 285 of the 52nd Legislature, Section XIII amends Article XIV as follows:

" 'Section 1 (a) of Article XIV of House Bill No. 8, Chapter 184, Acts, Forty-seventh Legislature, which is codified as Article 7066b of Vernon's Annotated Civil Statutes of Texas, is hereby amended, so as to hereafter read as follows:

" ' "Section 1 (a) Each individual, partnership, company, association, or corporation doing business as a 'motor bus company' as defined in Chapter 270, Acts, Regular Session of the Fortieth Legislature, as amended by the Acts of 1929, First Called Session of the Forty-first Legislature, Chapter 78, or as 'motor carrier' or 'contract carrier' as defined in Chapter 277, Acts, Regular Session of the Forty-second Legislature, over and by use of the public highways of this State, shall make quarterly on the first days of January, April, July, and October of each year, a report to the Comptroller, under oath, of the individual, partnership, company, association, or corporation by its president, treasurer, or secretary, showing the gross amount received from intrastate business done within this State in the payment of charges for transporting persons for compensation and any freight or commodity for hire, or from other sources of revenue received from intrastate business within this State during the quarter next preceding. Said individual, partnership, company, association, or

corporation at the time of making said report, shall pay to the State Treasurer an occupation tax for the <u>quarter next preceding</u> said date equal to 2.42% of said gross receipts, as shown by said report. Provided, however, carriers of persons or property who are required to pay an intangible assets tax under the laws of this State, are hereby exempted from the provisions of this Article of this Act." '(Underscoring ours.)

"The effect of the amendment is to provide for the tax to be paid at the end of the preceding quarter instead of being paid in advance based on the preceding quarter's gross receipts.

"Under the present law when the taxpayer's report is filed, based on receipts earned during the months of April, May and June, his tax will be paid through September 30, 1951. Inasmuch as House Bill 285 becomes effective September 1, 1951, I will appreciate it if you will advise me on what basis tax should be collected."

As pointed out in your letter, the tax levied by Article 7066b, V.C.S., as presently effective is collected in advance at the beginning of each quarter, and gross receipts as reported for the preceding quarter are used as a basis for the advance payment of the tax. Beginning September 1, 1951, this tax will be paid at the end of the quarter rather than in advance, and the basis for the tax will be the gross receipts during the quarter as shown by the quarterly reports.

The tax which was paid on July 1, 1951 (based on the reports for April, May and June) was an advance payment for the quarter ending September 30, 1951. Since House Bill 285 amending Article 7066b becomes effective on September 1, 1951, it is apparent that the month of September falls within the payment under the present Act and also within the effective date of the amendment and, as a result, the Acts overlap the month of September.

The ten per cent increase (.22%) in the tax levied under Article 7066b by Article XIII of House Bill 3, Acts 51st Leg., 1st C.S. 1950, ch. 2, p. 10, was effective only through August 31, 1951. Subdivision (d) of Section 1 of Article XIII, now codified as Article

7066c, V.C.S., reads as follows:

> "This Article XIII shall cover, the period beginning with the effective date of this Section and terminating August 31, 1951; and the tax to be paid on the report required to be filed as of July 1,1951, shall be for only two-thirds (2/3) of a quarter."

Since Article 7066b levied the tax of only 2.2% while House Bill 285 amending Article 7066b levies a tax of 2.42% upon the gross receipts of the carrier, the question is presented by the conflict in the acts as to the rate of tax to be applied during the period from July 1, 1951, to September 30, 1951, both inclusive.

It is manifest that the tax already levied and collected in advance for the period July 1, 1951, through September 30, 1951, under the provisions of Article 7066b and Article XIII,Hous Bill 3, Acts 51st Leg., 1st C.S. 1950, ch. 2, p. 10, is at the rate o 2.42% for the months of July and August, 1951, and 2.2% for the month of September, 1951. If an additional tax were collected on "the quarter next preceding" under the provisions of House Bill 285, it would result in the collection of a double tax for the month of July and August at the rate of 4.84% and for the month of September, 1951, at the rate of 4.62%. We do not believe that the Legislature intended any such result.

Since the tax which was payable on July 1, 1951, for the quarter ending September 30, 1951, was at the rate of 2.2% for the entire quarter with an additional tax of .22% for the months of July and August, 1951, it was the manifest intention of the Legislature that an additional tax of .22% should be collected upon the gross receipts received by the carrier during the month of September, 1951. Mann v. Gulf States Utilities Company, 167 S. W.2d 557 (Tex. Civ. App. 1942, error ref.). This construction insures a continuity of the additional tax of 10% imposed by Hous Bill 3, under the provisions of House Bill 285 from and after September 1, 1951, for the reasons stated in Opinion V-1246, dated August 21, 1951, addressed to Hon. R. S. Calvert, Comptroller of Public Accounts.

## SUMMARY

Article 7066b, V.C.S., as amended by H.B. 285,

Acts 52nd Leg., imposes a gross receipts tax of .22% upon the gross amounts received by carriers during the month of September, 1951, which amount shall be reported and the tax paid thereon on October 1, 1951.

APPROVED:

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

Price Daniel
Attorney General

CKR:mf

Yours very truly,

PRICE DANIEL
Attorney General

By

C. K. Richards
Assistant